UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELIA JOHNSON, | § § § | Civil Action No. _____ |
| Plaintiff, | § § § | |
| v. | § § | **COMPLAINT** |
| CONN APPLIANCES, INC. D/B/A CONN'S HOMEPLUS; | § § § | |
| Defendants. | § § § § | |

**NOW COMES** Angelia Johnson ("Plaintiff"), by and through the undersigned counsel, states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 ("TDCA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§ 1331 as the action arises under the laws of the United States. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District, Plaintiff lives in the District, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Angelia ("Plaintiff") is a natural person residing in Conroe, Texas.

5. Defendant Conn Appliances, Inc. ("Defendant") is a domestic for-profit corporation organized under the laws of the State of Texas with its principal office located at 2445 Technology Forest Blvd., Building 4, 8th Floor, The Woodlands, TX 77381.

6. Defendant is a "creditor" and a "debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(3) and 392.001(6),

## FACTUAL ALLEGATIONS

7. Upon information and belief, Plaintiff's relative incurred a consumer debt with Defendant when she purchased goods and services from Defendant.

8. Upon information and belief, Plaintiff's relative made late or partial payments to Defendant on the alleged debt.

9. Plaintiff did not make a purchase from Defendant or enter into any agreement with Defendant.

10. Plaintiff did not provide her mobile phone number to Defendant and never otherwise gave Defendant consent to contact her mobile phone.

11. More specifically, Plaintiff did not give Defendant consent to call her mobile phone regarding another party's alleged debt.

12. On or about February 26, 2019, however, Plaintiff began receiving calls from Defendant on her mobile phone ending in -8220.

13. On or about February 26, 2019, during her first contact with Defendant, Plaintiff told Defendant to stop calling.

14. Plaintiff had never given consent to be called and had nothing to do with her relative's account, and was directed to stop calling, Defendant continued to call and harass Plaintiff about her relative's account.

15. Defendant was in possession of the true accountholder's contact information at the time it placed calls to Plaintiff and had no legitimate reason to continue to call Plaintiff.

16. Upon information and belief, Defendant placed calls to Plaintiff, an innocent third party, in an attempt to coerce payment from the accountholder by harassing her relatives, including Plaintiff.

17. Between February 26, 2019 and March 15, 2019, Defendant placed at least 24 calls to Plaintiff's mobile phone.

18. During at least one of those calls, Defendant told Plaintiff she was a "liar" and accused her of wrongdoing by failing to communicate its messages and demands to the accountholder, even Plaintiff had no obligation to engage in debt-collection efforts on Defendant's behalf.

19. The calls placed by Defendant to Plaintiff's mobile phone were made through an automated telephone dialing system.

20. Plaintiff is the owner and customary user of the mobile phone ending in -8220, as well as the called party/recipient of phone calls from Defendant's automatic telephone dialing system and/or artificial or prerecorded voice messages.

21. Defendant knowingly and/or willfully called Plaintiff's mobile phone without consent and after receiving unequivocal notice to cease any further calls.

22.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling her mobile phone number at least 24 times in an 18-day period in an attempt to collect a debt she does not owe, after Plaintiff told Defendant not to call.

23.     Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place the phone calls to Plaintiff's mobile phone.

24.     Defendant has possession and control of call logs, account notes, autodialer reports, audio recordings, and other records detailing the total number of all calls made to Plaintiff's mobile phone.

25.     Defendant's calls to Plaintiff's mobile phone included delays or pauses between the time Plaintiff answered the call and when a representative began speaking.

26.     Defendant has historically used a Noble Outbound Predictive Dialer dialing system to auto-dial millions of phone numbers.

27.     Defendant's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

28.     Defendant places about 600,000 outbound calls per day to customers and non-customers like Plaintiff.

29.     Defendant employs about 850 agents in its call centers with each agent having up to three lines.

30.     Defendant's dialing system that stores and produces lists of telephone numbers to call meets the definition of an "automatic dialing system" as that term is defined at 47 U.S.C. § 227(a)(1).

31.      None of the calls placed by Defendant were made for "emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

32. None of the calls placed by Defendant were made with Plaintiff's "prior express consent" as described in 47 U.S.C. § 227(b)(A).

33. Defendant's actions have caused Plaintiff actual harm, including but not limited to emotional distress and anxiety.

34. By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest and reasonable attorney's fees and costs.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE TCPA - 47 U.S.C. § 227

36. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

37. Defendant repeatedly placed or caused to be placed non-emergency calls, including but not limited to the above-referenced calls, to Plaintiff's mobile phone using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38. Defendant willfully violated the TCPA by placing no less than 24 phone calls to Plaintiff's cell phone between February 26, 2019 and March 15, 2019, without her prior express consent.

39. Any prior consent was revoked by Plaintiff's verbal revocation(s), including but not limited to the revocation on February 26, 2019.

40. Defendant is liable to Plaintiff for a minimum of $500 per call, pursuant to 47 U.S.C. § 227(b)(3)(B), and up to $1500 per call, pursuant to 47 U.S.C. § 227(b)(3)(C) for its willful and knowing violations.

## COUNT II

### Texas Debt Collection Act – Tex. Fin. Code § 392 et seq. ("TDCA")

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Defendant violated the TDCA during the course of debt collection by:

   a. using language intended to abuse Plaintiff;

   b. causing Plaintiff's mobile phone to ring repeatedly, and making repeated or continuous calls to Plaintiff, with the intent to harass Plaintiff; and

   c. using false representations and deceptive means to collect a debt or collect information concerning a consumer.

43. Defendant is liable for, and Plaintiff is entitled to, injunctive relief, actual damages, out-of-pocket costs, and reasonable attorney's fees in an amount to be determined at trial pursuant to the Tex. Fin. Code § 392.403.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a) Actual damages, including damages for emotional distress, in an amount to be determined at trial;

b) Statutory damages pursuant to the TCPA against Defendant in an amount no less than $500 per call and up to $1500 per call, to be determined at trial;

c) Injunctive relief;

d) Costs and reasonable attorney's fees; and

e) Other and further relief as may be just and proper.

Dated this 2nd day of May, 2019.

Respectfully Submitted,

**LAW OFFICE OF TRISTA JOHNSON**

<u>*/s/ Trista M. Johnson*</u>
Trista M. Johnson
Texas State Bar No. 24101089
Southern District of Texas ID No. 3180848
701 N. Loop 336 E., Suite 106
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF TEXAS                )

                                     ) ss

COUNTY OF <u>MONTGOMERY</u>     )


      Angelia Johnson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                         <u>/s/ Angelia Johnson</u>

                                                                         Angelia Johnson

Subscribed and sworn to before me

This 30th day of April, 2019.


<u>/s/ Brenda Caviness</u>

Notary Public
My commission expires 03/03/2021
ID No. 126824515

8