UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELIA JOHNSON,<br><br>　　Plaintiff,<br><br>v.<br><br>CONN APPLIANCES, INC. D/B/A<br>CONN'S HOMEPLUS<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§ 　CASE NO. 4:19-cv-01622<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S ORIGINAL ANSWER**

COMES NOW Conn Appliances, Inc. ("CAI") and files this its Original Answer as follows:

**I.**
**NATURE OF ACTION**

1.　Defendant denies it violated the enumerated laws; but admits that Plaintiff has filed suit.

**II.**
**JURISDICTION AND VENUE**

2.　Defendant admits the allegations contained in paragraph 2.

3.　Defendant admits the allegations contained in paragraph 3.

**III.**
**PARTIES**

4.　Defendant is without sufficient information to form an opinion as to paragraph 4 at this time; thus, it is denied for pleading purposes.

5.　Defendant admits the allegations contained in paragraph 5.

1

6. Defendant admits that it has entered into business relationships as a "creditor" and "debt collector." Defendant is without sufficient information at this time to determine whether it meets such definitions with respect to Plaintiff; thus, it denies the allegations contained in paragraph 6 for pleading purposes.

## IV.
## FACTUAL ALLEGATIONS

7. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 7; thus, it denies the allegations for pleading purposes.

8. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 8; thus, it denies the allegations for pleading purposes.

9. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 9; thus, it denies the allegations for pleading purposes.

10. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 10; thus, it denies the allegations for pleading purposes.

11. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 11; thus, it denies the allegations for pleading purposes.

12. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 12; thus, it denies the allegations for pleading purposes.

13. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 13; thus, it denies the allegations for pleading purposes.

14. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 14; thus, it denies the allegations for pleading purposes.

15. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 15; thus, it denies the allegations for pleading purposes.

16. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 16; thus, it denies the allegations for pleading purposes.

17. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 17; thus, it denies the allegations for pleading purposes.

18. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 18; thus, it denies the allegations for pleading purposes.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies that it uses an automatic telephone dialing system. Defendant is without sufficient information at this time to determine the validity of the remaining allegations contained in paragraph 20; thus, it denies the allegations for pleading purposes.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 24; thus, it denies the allegations for pleading purposes.

25. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 25; thus, it denies the allegations for pleading purposes.

26. Plaintiff's use of the term "auto-dial" is vague and ambiguous. To the extent such term is used in

27. Defendant denies the allegations contained in paragraph 27.

28. Plaintiff's use of the phrase "like Plaintiff" is vague and ambiguous. Defendant is without sufficient knowledge to determine what plaintiff is like or whether other customers and noncustomers are like her; thus, the allegation contained in paragraph 28 are denied.

29. Defendant admits that at times it has employed approximately 850 agents in call centers; Defendant denies the implication that all agents work at the same time.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 31; thus, it denies the allegations for pleading purposes.

32. Defendant is without sufficient information at this time to determine the validity of the allegations contained in paragraph 32; thus, it denies the allegations for pleading purposes.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

## V.
## TRIAL BY JURY

35. Paragraph 35 does not require an admission or denial.

## VI.
## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227

36. Paragraph 36 does not require an admission or denial.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

### COUNT II

**Texas Debt Collection Act – Tex. Fin. Code § 392 et seq. ("TDCA")**

41. Paragraph 41 does not require an admission or denial.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegation contained in paragraph 43.

44. Defendant denies that Plaintiffs are entitled to the relief requested.

## DEFENDANT CONN APPLIANCES INC.'S
## SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

51. Defendant asserts that Plaintiff's lawsuit is subject to a binding arbitration clause and should be compelled to arbitration.

52. In the alternative, and should the same be necessary, Defendant denies that Plaintiff was called on a cell phone.

53. In the alternative, and should the same be necessary, Defendant denies that it violated any part of the FDCPA.

54. In the alternative, and should the same be necessary, Defendant asserts that it is not a debt collector.

55. In the alternative, and should the same be necessary, Defendant denies that it violated any part of the TCPA.

56. In the alternative, and should the same be necessary, Defendant denies that it "willfully and knowingly" violated any laws or any of Plaintiff's rights.

57. In the alternative, and should the same be necessary, Defendant denies that it uses an "automatic telephone dialing system" as that term is defined by 47 U.S.C. § 227(a)(1)(A)-(B).

58. In the alternative, and should the same be necessary, Plaintiff gave her prior express consent to Defendant to be called on her cell phone.

59. In the alternative, and should the same be necessary, Defendant specifically denies that Plaintiff revoked her consent to be called.

60. In the alternative, and should the same be necessary, Plaintiff has not suffered any damages.

61. In the alternative, and should the same be necessary, Plaintiff has unclean hands.

62. In the alternative, and should the same be necessary, Defendant asserts the defense of latches.

63. In the alternative, and should the same be necessary, Plaintiff lacks standing to sue because Plaintiff has not and cannot clearly allege facts demonstrating an injury in fact.

64. In the alternative, and should the same be necessary, any calls Defendant made were made with human intervention.

65. In the alternative, and should the same be necessary, any violation, if it occurred, is a result of bona fide error.

66. In the alternative, and should the same be necessary, Defendant asserts that Plaintiff failed to mitigate her damages, if any.

67. In the alternative, and should the same be necessary, Defendant asserts that Plaintiff caused and/or contributed to the actions and/or omissions of which she now complains.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the instant claim be dismissed, that Plaintiff recover nothing, that costs and attorney's fees are assessed against Plaintiff, and for such other and further relief to which it is entitled to receive.

4846-9060-7771v.1

Dated:  July 1, 2019

Respectfully submitted,

By: */s/ Michael A. Harvey*
**MICHAEL A. HARVEY**
State Bar No. 24058352
SD Texas Bar No. 917759
700 Milam Street, Suite 2700
Houston, Texas 77002-2732
Tel:  713-222-4015
Fax:  713-222-5894
mharvey@munsch.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
**MUNSCH HARDT KOPF & HARR, P.C.**
**SAMEER KARIM**
State Bar No. 24076476
SD Texas Bar No. 2478480
700 Milam Street, Suite 2700
Houston, Texas 77002-2732
Tel:  713-222-4050
Fax:  713-222-5894
skarim@munsch.com
**EARL L INGLE**
State Bar No. 24097234
SD Texas Bar No. 3219597
700 Milam Street, Suite 2700
Houston, Texas 77002-2732
Tel:  713-222-4075
Fax:  713-222-1475
eingle@munsch.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by means of e-filing this 1st day of July, 2019.

Trista M. Johnson
Law Office of Trista Johnson
701 N. Loop 336 E, Suite 106
Conroe, Texas  77301
Trista@txconsumerlawyer.com

*/s/ Michael A. Harvey*
Michael A. Harvey