UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELIA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:19-cv-01622 |
| | § | |
| CONN APPLIANCES, INC. D/B/A | § | |
| CONN'S HOMEPLUS | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISQUALIFY, APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF, AND MOTION FOR SANCTIONS**

COMES NOW Conn Appliances, Inc. ("CAI") and files this Reply in Support of its Motion to Disqualify, Application for Temporary and Permanent Injunctive Relief, and Motion for Sanctions (the "Motion to Disqualify") as follows:

**I.
ARGUMENT AND AUTHORITIES**

A.   **Plaintiff's Response Judicially Admits Conclusive Facts Supporting Disqualification**

In her Response, Plaintiff admits key facts that support disqualification under both the substantial relationship test and the confidentiality test.  Most notably, Plaintiff admits her counsel was responsible for managing all of Conn's consumer matters, including TCPA and TDCA cases, that she attended three TCPA/TDCA final arbitration hearings on the merits, participated in settlement discussions related to TCPA/TDCA, and attended one settlement conference for a TCPA/TDCA case.[1]  Standing alone these facts would support any motion to disqualify counsel.

---

[1] *See* Dkt. No. 8, pg. 4, 5.

1

But Plaintiff's counsel goes even further, and even admits she is aware of and has knowledge of Defendant's litigation strategy with respect to TCPA and TDCA matters:

> There was not an over-arching litigation strategy that was in any way unique to Conn's. Johnson's knowledge of Conn's approach to TCPA or TDCA litigation was no secret, and Johnson never gained or possessed more intel regarding Conn's approach than the plaintiffs' attorneys who had sued Conn's.[2]

Plaintiff's opinion as to whether Defendant's litigation strategy is unique or known by other plaintiffs' counsel is irrelevant and completely misses the mark as to the significant portions of this statement. What *is* relevant to the issue of disqualification is the fact that Plaintiff's counsel has knowledge of Conn's TCPA and TDCA litigation strategy to such an extent that she is able to assess whether it is unique when compared to other litigation strategies. And, unlike plaintiffs' counsel she alleges possibly deduced Defendant's strategy after suit, Plaintiff's counsel has gained this knowledge by representing and advising Defendant in such matters.

Armed with knowledge of its TCPA and TDCA litigation strategy, Plaintiff's counsel now represents a party suing Defendant under the same causes of action. As recognized by the Fifth Circuit, such breaches of loyalty erode the fragile trust between the public and attorneys. *See E.F. Hutton & Company v. Brown*, 305 F. Supp. 371, 395 (S.D. Tex. 1969) ("If courts protect only a client's disclosures to his attorney, and fail to safeguard the attorney-client relationship itself--a relationship which must be one of trust and reliance--they can only undermine the public's confidence in the legal system as a means for adjudicating disputes."); *Duncan*, 646 F.2d at 1027 ("[T]he integrity of the judicial system would be sullied if courts tolerated such abuses by those who profess and owe undivided loyalty to their clients."); *In Re Yarn Processing Patent Validity*

---

[2] *Id*. at p. 4.

*Litigation*, 530 F.2d 83, 90 (5th Cir. 1976) (noting that the prohibition of representation of conflicting interests rests on lawyers' duties of loyalty and confidentiality).

**B.      Plaintiff's Response Severely Misstates and Misapplies the Fifth Circuit's "Substantially Related" Test**

While the parties agree the Fifth Circuit's substantially related test is applicable to the present Motion to Disqualify, Plaintiff's Response misstates the test and, consequently, misapplies it to the facts. Specifically, Plaintiff quotes Texas Ethical Rule Comment 4A for its discussion of "same matter" disqualification.[3]  However, Plaintiff artfully omits any mention of the "substantially related matter" disqualification standard (omitted portions are bolded):

> **The third situation where representation adverse to a former client is prohibited is where the representation involves the same or a substantially related matter.** The "same" matter aspect of this prohibition prevents a lawyer from switching sides and representing a party whose interests are adverse to a person who sought in good faith to retain the lawyer. It can apply even if the lawyer declined the representation before the client had disclosed any confidential information. This aspect of the prohibition includes, but is somewhat broader than, that contained in paragraph (a)(1) of this Rule. **The "substantially related" aspect, on the other hand, has a different focus. Although that term is not defined in the Rule, it primarily involves situations where a lawyer could have acquired confidential information concerning a prior client that could be used either to that prior client's disadvantage or for the advantage of the lawyer's current client or some other person. It thus largely overlaps the prohibition contained in paragraph (a)(2) of this Rule.**

Tex. Disciplinary R. Prof'l Conduct 1.09, cmt. 4. Plaintiff's omission is critical to her analyses and abundantly transparent in its motive. By building a straw man argument through manipulation of the quoted materials, Plaintiff is able to conclude that Defendant did not meet its burden under the "substantially related" test, because the "present matter and Johnson's previous work for Conn's are not part of the same legal dispute or matter . . . and cannot be regarded as "switching

---

[3] *See* Plaintiff's Response to Motion to Disqualify; Dkt. No. 8, at 12.

sides." As Plaintiff well knows, this is not Defendant's argument, nor the test articulated by the Fifth Circuit.

In *In re American Airlines*, and as set forth in Defendant's Motion, the Fifth Circuit thoroughly analyzed and articulated its disqualification standard: disqualification can be justified if (1) "the subject matter of the present and former representation are substantially related," or (2) the "[movant's] former attorney possessed relevant confidential information in the manner contemplated by [Texas Rule 1.09(a)(2)]." 972 F.2d 605, 615 (5th Cir. 1992). **"A substantial relationship exists when the prior representation concerns the particular practices and procedures which are the subject matter of [the] suit."** *Id*. at 625 (emphasis added) (internal quotations omitted). Without question, Defendant's Motion to Disqualify delineates common subject matters, issues, and causes of action – namely, the TCPA and TDCA – between Ms. Johnson's prior representation of Conn's and her current representation of Plaintiff. Moreover, the Fifth Circuit considered and rejected Plaintiff's argument that in order to disqualify counsel, the matters must be the same and tantamount to switching sides after receiving confidential information. *Id*. at 625 (holding that a party may be disqualified even when there is "no chance that confidential information might be used against the former client" and a party seeking to disqualify counsel under the substantial relationship test need not prove that the past and present matters are so similar that a lawyer's continued involvement threatens to "taint" the trial, nor does the subject matter of the prior action need to be "relevant" in an evidentiary sense to the present action).

Accordingly, Plaintiff has not presented a viable argument that counsel should not be disqualified under the substantially related test.

C.   **Defendant and Plaintiff have Identified Specific Instances in Which Plaintiff's Counsel Received Confidential Information**

Though unnecessary in light of the substantially related test, Defendant's Motion to Disqualify and Plaintiff's Response have provided specific instances in which counsel received confidential information that could be utilized by Plaintiff in this case. For example, Defendant notes and Plaintiff admits that Ms. Johnson organized and led corporate witness preparation sessions and internal meetings between outside counsel and internal employees that included confidential and privileged communications regarding Defendant's telephone and communications equipment, calling procedures, defense strategies, and use of expert and corporate witnesses. Plaintiff argues that such allegations are nonspecific and cannot support disqualification under the Fifth Circuit's *Duncan* case.[4] Yet, the *Duncan* court specifically held that a "party seeking disqualification is not required to point to specific confidences revealed to his former attorney that are relevant to the pending case." *Duncan*, 646 F.2d at 1028. Any standard requiring a party to divulge the very confidential information it seeks to protect through its motion to disqualify – as suggested by Plaintiff – would ignore all common sense.

## II.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Motion be granted and for such other and further relief to which it is entitled to receive.

---

[4] *See* Dkt. No. 8, at p. 10.

Dated:  July 2, 2019

Respectfully submitted,

By: */s/ Michael A. Harvey*
**MICHAEL A. HARVEY**
State Bar No. 24058352
SD Texas Bar No. 917759
700 Milam Street, Suite 2700
Houston, Texas 77002-2732
Tel:  713-222-4015
Fax:  713-222-5894
mharvey@munsch.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
**MUNSCH HARDT KOPF & HARR, P.C.**
**SAMEER KARIM**
State Bar No. 24076476
SD Texas Bar No. 2478480
700 Milam Street, Suite 2700
Houston, Texas 77002-2732
Tel:  713-222-4050
Fax:  713-222-5894
skarim@munsch.com
**EARL L INGLE**
State Bar No. 24097234
SD Texas Bar No. 3219597
700 Milam Street, Suite 2700
Houston, Texas 77002-2732
Tel:  713-222-4075
Fax:  713-222-1475
eingle@munsch.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by means of e-filing this 2nd day of July, 2019.

Trista M. Johnson
Law Office of Trista Johnson
701 N. Loop 336 E, Suite 106
Conroe, Texas  77301
Trista@txconsumerlawyer.com

*/s/ Michael A. Harvey*
Michael A. Harvey