IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELIA JOHNSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:19-CV-01622 |
| CONN APPLIANCES, INC, d/b/a CONN'S HOMEPLUS, | § § § § | |
| Defendant. | § § | |

## O R D E R

Pending before the Court is Defendant's Motion to Disqualify Plaintiff's Counsel, Application for Temporary and Permanent Injunctive Relief, and Motion for Sanctions. **(Instrument No. 4)**.

### I.

This is a case about harassing phone calls from debt collectors. Plaintiff Angelia Johnson brings this suit against Defendant Conn Appliances, Inc. d/b/a Conn's Homeplus for its alleged use of an automatic telephone dialing system to collect a debt incurred by Plaintiff's relative. (Instrument No. 1). Plaintiff alleges that although she did not provide her mobile phone number to Defendant, Defendant began making harassing calls to her mobile phone on February 26, 2019. *Id.* at 2. Defendant allegedly placed at least 24 calls to Plaintiff's mobile phone between February 26, 2019 and March 15, 2019. *Id.* at 3. Plaintiff's claims against Defendant are for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Debt Collection Act ("TDCA"). *Id.* at 5-7.

Plaintiff hired as counsel Trista Johnson ("Johnson"). (Instrument No. 8-1 at 9). Johnson has over a decade of experience in consumer law, specifically on actions brought under the Fair

Debt Collections Practices Act and the TCPA. *Id.* at 5-6. On December 19, 2016, Johnson accepted a position as "Legal Counsel" with Defendant. *Id.* at 7.

Many of the facts about Johnson's time serving as legal counsel for Defendant are not in dispute. Johnson worked for Defendant as legal counsel for approximately fifteen months. (Instrument No. 8-1 at 7). Defendant's in-house counsel numbered less than five attorneys. (Instruments No. 8-1 at 7; No. 4-1 at 4). Johnson was responsible for managing all consumer litigation. (Instrument No. 8-1 at 7).

The dispute in this case involves the scope and depth of Johnson's duties. Defendant asserts that Johnson was heavily involved in Defendant's TCPA and TDCA cases. (Instrument No. 4-1 at 4). Defendant admits that it has had prior lawsuits by plaintiffs alleging that Defendant utilized an automatic telephone dialing system to place calls to individuals without the plaintiffs' consent and had allegedly engaged in harassing calling practices. *Id.*

Plaintiff, by contrast, asserts that Johnson did not spend most of her time managing TCPA and TDCA cases. (Instrument No. 8-1 at 7). Johnson's declaration asserts that because she had so much work, Johnson "leaned heavily on experienced outside counsel and the in-house paralegals to handle the bulk of the day-to-day work." *Id.* Johnson further asserts that she "regularly checked-in with outside counsel regarding the status of cases but only attended approximately three arbitration hearings and one settlement conference." *Id.* Johnson specifically asserts that "[t]here was never any over-arching litigation strategy that was in any way unique to Conn's. My knowledge of Conn's approach to TCPA and/or TDCA litigation was no secret, and I never gained or possessed more intel regarding Conn's approach than the plaintiffs' attorneys who had sued Conn's." *Id.* at 8. Johnson resigned from her position with Defendant on February 22, 2018. *Id.*

After Johnson resigned as legal counsel for Defendant, Johnson started her own practice as a solo practitioner in consumer law. (Instrument No. 8-1 at 8). Over one year after Johnson established her practice, Plaintiff contacted her regarding Plaintiff's TCPA and TDCA claims. *Id.* at 9. On May 3, 2019, one day after Plaintiff filed her claims against Defendant, Defendant sent, through outside counsel, a cease and desist letter to Johnson, notifying her that she had violated her separation agreement with Defendant. (Instrument No. 4-2 at 2). Johnson did not agree to withdraw from Plaintiff's case. On June 6, 2019, Defendant filed a Motion to Disqualify Trista Johnson, Application for Temporary and Permanent Injunctive Relief, and Motion for Sanctions. (Instrument No. 4). Plaintiff filed her Response to the Motion on June 27, 2019, (Instrument No. 8), and Defendant filed its Reply on July 2, 2019. (Instrument No. 10).

## II.

Defendant contends that because Johnson was its former in-house counsel who handled consumer litigation for Defendant, Johnson should be disqualified and sanctioned for filing this lawsuit. (Instrument No. 4 at 1). Specifically, Defendant argues that Plaintiff's claims are substantially related to the TCPA and TDCA matters that Johnson previously worked on for Defendant and that Johnson received confidential information while employed with Defendant that could be utilized in this case to Defendant's detriment. *Id.* at 9-13.

In her Response, Plaintiff notes that Defendant has not pointed to specific instances where Defendant provided Johnson with confidential information. (Instrument No. 8 at 9). Plaintiff further contends that the information Johnson gained during her tenure with Defendant is public information and therefore not confidential. *Id.* at 10-11. Plaintiff avers that her claims are factually distinct from any case Johnson managed, and that Johnson never personally represented Defendant in any TCPA or TDCA case. *Id.* at 12-13.

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992). When considering motions to disqualify, federal courts in Texas turn to three sources: (1) the court's local rules; (2) the American Bar Association Model Rules of Professional Conduct ("Model Rules") and the American Bar Association Model Code ("Model Code"); and (3) the Texas Disciplinary Rules of Professional Conduct ("Texas Rules"). *Id.* at 543-45; *In re Am. Airlines, Inc.*, 972 F.2d 605, 609-10 (5th Cir. 1992).

The Local Rules of the Southern District of Texas provide that "the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct" and that violations of the Texas Rules "shall be grounds for disciplinary action, but the court is not limited by that code." S.D. Tex. L.R. Appx. A, Rules 1(A) & 1(B).

Under Texas law, a lawyer can be disqualified under Texas Disciplinary Rule 1.09 which provides that:

> (a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:
>
> . . .
>
> (2) if the representation in reasonable probability will involve a violation of Rule 1.05; or
>
> (3) if it is the same or a substantially related matter.

Tex. Disciplinary Rules of Prof'l Conduct R. 1.09(a). "Rule 1.09(a)(2) incorporates Rule 1.05, which prohibits a lawyer's use of confidential information obtained from a former client to that former client's disadvantage." *Am. Airlines*, 972 F.2d at 615. Specifically, Texas Rule 1.05(b) prohibits a lawyer from knowingly revealing confidential information of a client or a former client, Rule 1.05(b)(1), or to use "confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after

consultation or the confidential information has become generally known." Tex. Disciplinary Rules of Prof'l Conduct R. 1.05(b)(3).

The Texas Rules distinguish between "confidential information" and "privileged information." Tex. Disciplinary Rules of Prof'l Conduct R. 1.05(a). "Confidential information" includes both "privileged information" and "unprivileged client information." *Id.* "'Unprivileged client information' means all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client." *Id.*

The Fifth Circuit has recognized that Texas Rule 1.09 is identical to the corresponding ABA Model Rule 1.9 in all important respects. *Am. Airlines*, 972 F.2d at 615, n.2 (citing Model Rule 1.9); *see* Model Rules of Prof'l Conduct R. 1.9. Thus, a district court in Texas considering the local, state, and national standards conducts two inquiries on a motion to disqualify: (1) whether the subject matter of the present and former representation is substantially related; or (2) whether the former attorney possesses relevant confidential information, obtained through the course of the former representation, that may be used to the former client's disadvantage. *Am. Airlines*, 972 F.2d at 615; *Islander E. Rental Program v. Ferguson*, 917 F. Supp. 504, 509-10 (S.D. Tex. 1996) (Kent, J.).

### A.

Defendant asserts that Johnson was in charge of or participated in all aspects of its TCPA and TDCA cases, including pre-suit intake and settlement strategy, litigation tasks and litigation strategy, document review and preparation, witness preparation, and appellate tasks and procedures. (Instrument No. 4 at 9-10). Regarding the TDCA and TCPA suits Johnson defended as legal counsel for Defendant, the plaintiffs in those suits alleged that Defendant's calling

practices and procedures constituted harassment and that Defendant violated the TCPA by utilizing an automatic telephone dialing system to place unauthorized calls. *Id.* at 10. Defendant concludes that Plaintiff's TCPA and TDCA claims are substantially related to the subject matter Johnson handled in her former position as legal counsel for Defendant. *Id.*

Plaintiff contends that Johnson's previous work for Defendant was not part of the same legal dispute or matter, and her representation is not "switching sides" because Plaintiff's claims are factually distinct from Defendant's prior suits and Johnson did not personally represent Defendant in any TCPA or TDCA case. (Instrument No. 8 at 12).

The Texas Rules do not define "substantially related." Tex. Disciplinary Rules of Prof'l Conduct R. 1.09, cmt. 4B. The ABA Model Rules instructs:

> Matters are "substantially related" for purposes of this Rule [Model Rule 1.9] if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

Model Rules of Prof'l Conduct R. 1.9, cmt. 3.

The party seeking disqualification bears the burden of proving that the present and prior representations are substantially related. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. 1981). A party arguing that matters are "substantially related" cannot meet its burden by "[m]erely pointing to a superficial resemblance between the present and prior representations." *Id.* at 1029 ("Merely stating that the previous representation involved securities work, conferences with Merrill Lynch employees, and the preparation of various legal documents provides the district court with no opportunity to engage in a 'painstaking analysis of the facts.'"). A district court may find a substantial relationship only after the moving party delineates with specificity the subject matters, issues and causes of action common to prior and

current representations and the court engages in a painstaking analysis of the facts and precise application of precedent. *Am. Airlines*, 972 F.2d at 614 (quoting *Duncan*, 646 F.2d at 1029).

There is no dispute that Johnson managed TDCA and TCPA claims for Defendant and that Johnson's current client has raised TDCA and TCPA claims. The claims Johnson managed for Defendant involved the same factual allegations about Defendant's use of an automatic telephone dialing system to repeatedly call consumers without their consent. Plaintiff argues that she is a new client and that this makes her claims "factually distinct" from Defendant's prior cases. However, anytime a lawyer represents a new client, there are factual differences because the client has a different identity and subjective viewpoint of the facts. The relevant Texas Rules and the ABA Model Rules focus not on the identity of the client, but on the similarity between the subject matter of the current and former representations.

Defendant has specified the similarity of the subject matter, issues and causes of action common to Johnson's role as legal counsel for Defendant and as legal counsel for Plaintiff. The legal claims raised in this case are the same claims raised in the prior cases Johnson managed for Defendant. Plaintiff's claims will presumably involve the same corporate policies and corporate witnesses as those in the prior cases Johnson managed. General knowledge of the corporate client's policies ordinarily will not preclude a subsequent representation, (*see* Model Rules of Prof'l Conduct R. 1.9, cmt. 3). However, Defendant asserts that Johnson has knowledge of specific facts related to Defendant's use of the automatic telephone dialing system, Defendant's arbitration strategy for defending TCPA claims, and also that Johnson organized and participated in a corporate witness training session on Defendant's telephony equipment. Thus, Johnson's knowledge of specific facts related to Defendant's defense of TCPA claims are relevant to the matter in question and would preclude her representation of Plaintiff. *See* Model Rules of Prof'l

Conduct R. 1.9, cmt. 3 ("knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such representation."). Moreover, if Johnson participated in preparing corporate witnesses for the same TDCA and TCPA claims now also raised in this case, there is the risk that Johnson's continued involvement will give the appearance that Johnson is "switching sides." Tex. Disciplinary R. Prof'l Conduct 1.09, cmt. 4A ("The 'same' matter aspect of this prohibition prevents a lawyer from switching sides and representing a party whose interests are adverse to a person who disclosed confidences to the lawyer while seeking in good faith to retain the lawyer.").

Accordingly, the Court finds that Defendant has established that Plaintiff's claims are "substantially related" to Johnson's prior representation for Defendant.

**B.**

Defendant further contends that Johnson must be disqualified because she received confidential information while employed by Defendant that could be used to Defendant's detriment. (Instrument No. 4 at 12-13). Plaintiff contends that Defendant has not identified specific instances where confidential information was revealed to Johnson. (Instrument No. 8 at 9). Plaintiff also asserts that any "playbook" to Defendant's TCPA litigation strategy is already a matter of public record. *Id.* at 10-11.

Texas Rule 1.09 provides a separate and distinct ground for disqualification beyond the substantial relationship test. *Am. Airlines*, 972 F.2d at 615. "[A] former client could also disqualify counsel by showing that his former attorney possessed relevant confidential information in the manner contemplated by [Texas] Rule 1.09(a)(2)." *Id.* However, once a party establishes that the prior matters are substantially related to the present case, the court will irrebuttably presume that relevant confidential information was disclosed during the former

8

period of representation. *Id.* at 614. Ultimately, the Court must determine if there is a "reasonable probability that the subsequent representation would involve either an unauthorized disclosure of confidential information under Rule 1.05(b)(1) or an improper use of such information to the disadvantage of the former client under Rule 1.05(b)(3)." Tex. Disciplinary Rules of Prof'l Conduct R. 1.09, cmt. 4.

Because the Court has found that Defendant has established that Plaintiff's case is substantially related to Johnson's prior matters for Defendant, there is an irrebuttable presumption that relevant confidential information was disclosed during Johnson's tenure with Defendant. Thus, contrary to Plaintiff's assertion, Defendant is not required to identify the specific confidential information it disclosed to Johnson. *See also* Model Rules of Prof'l Conduct R. 1.9, cmt. 3 ("A former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. A conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.").

Plaintiff attempts to circumvent the presumption that Johnson obtained confidential information from Defendant by arguing that Defendant had no confidential strategy, and all relevant information became a matter of public record. However, Texas Rule 1.09 includes not only privileged information, but also unprivileged information. *See* Tex. Disciplinary Rules of Prof'l Conduct R. 1.05(a); *see also* Model Rules of Prof'l Conduct R. 1.9, cmt. 3. The Texas Rules, ABA Model Rules, and the Fifth Circuit protect client information that is a matter of public record under the protections created by the attorney-client relationship. *Am. Airlines*, 972 F.2d at 620; *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 572-73 (2d Cir. 1973) ("the

client's privilege in confidential information disclosed to his attorney is not nullified by the fact that the circumstances to be disclosed are part of a public record, or that there are other available sources for such information." (internal quotation omitted)).

Plaintiff has failed to overcome the presumption that Johnson acquired confidential information during her time serving as legal counsel for Defendant. The Court finds therefore that Defendant has demonstrated that Johnson's knowledge of Defendant's confidential information makes Johnson's disqualification appropriate.

Accordingly, the Court finds that Defendant's Motion to Disqualify Trista Johnson is GRANTED. (Instrument No. 4).

### III.

Defendant has moved for sanctions against Plaintiff, arguing that Johnson acted with bad faith by filing suit against her former client. (Instrument No. 4 at 13-15). The Court's inherent powers to impose sanctions "ought to be exercised with great caution" and reserved for "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 44-45 (1991). Although the Court finds that Johnson should be disqualified, Johnson put forward reasonable and compelling arguments for why she believed she could represent Plaintiff. Other than Johnson's act of filing this suit for Plaintiff, Defendant has provided no evidence of bad faith.

Accordingly, Defendant's Motion for Sanctions is DENIED. (Instrument No. 4).

### IV.

Defendant has also moved for a temporary restraining order and preliminary injunction against Johnson, enjoining her from representing Plaintiff "or any other individual asserting TCPA or TDCA claims against [Defendant]." (Instrument No. 4 at 15-20).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To obtain a temporary restraining order or a preliminary injunction, a plaintiff must show the following:

> (1) a substantial likelihood that the plaintiff will prevail on the merits;
> (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;
> (3) a showing that the threatened injury to the plaintiff outweighs the potential harm to the defendants if the injunctive relief is not granted; and
> (4) a showing that issuance of the injunction will not disserve the public interest.

*Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). The decision whether to grant a temporary restraining order is within the sound discretion of the district court. *Id.* However, a temporary restraining order is "an extraordinary remedy" that courts should only grant if the moving party has clearly carried its burden of persuasion with respect to all four factors. *Id.*

Defendant has identified one other plaintiff that has raised TCPA claims against Defendant that Johnson is currently representing in arbitration. However, this case and that arbitration case involve the same relative who allegedly owns the same debt to Defendant. Other than this related arbitration case, Defendant has not identified any other plaintiffs with TCPA or TDCA claims that Johnson is currently representing. A temporary restraining order would therefore be a blanket prohibition against Johnson's ability to represent other consumers irrespective of the factual or legal distinctions that other consumers may have in their claims against Defendant. This type of remedy is not well suited here. The Fifth Circuit has explained that when "dealing with ethical principles, we cannot paint with broad strokes. The lines are fine and must be so marked. . . . the conclusion in a particular case can be reached only after

11

painstaking analysis of the facts and precise application of precedent." *Brennan's, Inc. v. Brennan's Rests., Inc.*, 590 F.2d 168, 173-174 (5th Cir. 1979) (internal quotation omitted).

Accordingly, Defendant's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. (Instrument No. 4).

V.

For the foregoing reasons, the Court finds that Defendant's Motion, (Instrument No. 4.), is **GRANTED in part** and **DENIED in part** as follows:

Defendant's Motion to Disqualify Trista Johnson is **GRANTED**.

Defendant's Motion for Sanctions is **DENIED**.

Defendant's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the ___ day of July, 2019, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE